*BLAIR'S HEIRS vs. WADE'S*

1L 111
45 1131
1L 111
46 634

IF heirship be denied, proof of it cannot be dispensed with.

APPEAL from the third district, the judge of the fourth presiding.

This suit was originally brought by Blair, against Wade, and at the April term of 1825, judgment was rendered in favor of plaintiff for the amount claimed. The defendant applied for, and obtained a new trial. The death of the

Eastern District. defendant was suggested, November term fol-
*March*, 1830. lowing, and leave granted to make his represen-
BLAIR'S HEIRS tatives parties to the suit. At April term, 1826,
*vs.*
WADE'S HEIRS. the death of the plaintiff was suggested and his
heirs made parties. The defendants pleaded
*de novo*, admitting in their answer the death of
Blair, but denying expressly the heirship of
plaintiffs. No proof was offered of heirship.
There was judgment for plaintiffs and the de-
fendants appealed.

*Watts*, for the appellants.

The heirship of the plaintiffs was expressly
put in issue. No proof of it was adduced, and
plaintiffs ought to have been nonsuited, or
judgment given for defendants.

MATHEWS, J. delivered the opinion of the
court. This suit was originally instituted
by the ancestor of the plaintiffs against the
ancestor of the defendants. The death of
the latter was suggested and permission
granted to make his representatives defend-
ants. After this it seems that the plaintiff
died, and on motion to that effect, the suit
was revived in the name of his heirs—and
in this mode it was proceeded in, to final
judgment in favor of the plaintiffs, from
which the defendants appealed.

After the revival of the action, the de-

fendants pleaded *de novo;* and, in their an-
swer, denied, in express terms, the capacity
and quality of the plaintiffs named as heirs.
On the trial of the cause, no evidence was
offered to prove their heirship. In this
court, their counsel relies on the order of
the court below, by which they were per-
mitted to prosecute the suit, in the capacity
assumed, as a dispensation of any further
proof of it. This ground of defence, on the
appeal, we believe to be untenable. An
order, similar to that now in question, is gen-
erally made *ex parte*, on the mere sugges-
tion of the party interested to obtain it, un-
supported by any evidence. The answer
explicitly required proof of heirship on the
part of the appellees, and as they failed to
make it, the judgment of the district court
must be reversed.

*If heirship be denied, proof of it cannot be dispensed with.*

It is therefore ordered, &c. that the judg-
ment of the court below be avoided, revers-
ed and annulled. And proceeding here to
give such judgment as in our opinion ought
there to have been given. It is further or-
dered, &c. that judgment as in case of non-

Eastern District.
*March*, 1830.

